MICHAEL J. McCUE (Nevada Bar #6055)
mmccue@LRLAW.com
JONATHAN W. FOUNTAIN (Nevada Bar #10351)
jfountain@LRLAW.com
LEWIS AND ROCA LLP
Suite 600
3993 Howard Hughes Parkway
Las Vegas, Nevada 89169
(702) 949-8200 (tele)
(702) 949-8398 (fax)

Attorneys for Plaintiff
Lifetime Products, Inc.

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LIFETIME PRODUCTS, INC., a Utah corporation, <br><br> Plaintiff, <br><br> vs. <br><br> NINGBO WANXIANG PLASTICS PRODUCTS CO., LTD., a Chinese corporation, HANGZHOU DALI TOOLS PACKING CO., LTD., a Chinese corporation, ZHEJIANG BESTEM FURNITURE, CO., LTD., a Chinese corporation, NINGBO STEP-FORWARD INDUSTRY CORP., a Chinese corporation, and NINGBO STEP-FORWARD IMP. & EXP. CO., LTD., <br><br> Defendants. | Case No. 2:09-cv-802 <br><br> **TEMPORARY RESTRAINING & SEIZURE ORDER** |

Having duly considered Plaintiff's Emergency Ex Parte Motion For A Temporary Restraining Order With Seizure And Preliminary Injunction, the Court hereby grants Plaintiff's motion for a temporary restraining order.

The Court finds that Plaintiff has shown that it is likely to succeed on the merits of its patent infringement claim, that it is being irreparably harmed by Defendants' offering for sale of certain infringing products at the National Hardware Show in Las Vegas, Nevada from May 5-7, 2009, that the balance of hardships tips in favor of the Plaintiff, and that the public interest

weighs in favor of granting a temporary restraining order.

The Court further finds that Plaintiff has made a showing that *ex parte* relief is warranted, given, among other things, Defendants' apparently intentional infringement of multiple patents and Defendants' imminent departure from the jurisdiction with the infringing products at the conclusion of the trade show.

**IT IS ORDERED** that the Defendants and their respective officers, directors, employees, agents, and attorneys are hereby temporarily restrained from infringing Plaintiff's patents-in-suit, including, but not limited to, at the National Hardware Show in Las Vegas, Nevada from May 5-7, 2009. The Defendants and their respective officers, directors, employees, agents and attorneys are hereby restrained from displaying, offering to sell, or selling, products that are covered by Plaintiff's patents-in-suit including U.S. Patent Nos. 6,912,961; 7,059,254; and 7,263,932 (collectively, the "Personal Table Patents"); U.S. Patent Nos. 6,109,687 and 6,945,178 (collectively, the "Sports Table Patents"); U.S. Patent Nos. 6,542,842; 6,871,906; and 7,014,261 (collectively, the "Folding Chair Patents"); and U.S. Patent Nos. 7,069,865; 7,171,910; 7,114,453; 7,044,068; 6,895,872; 6,655,301; 6,550,404; 7,128,002; 6,931,999; and 6,848,370 (collectively, the "4' to 8' Table Patents").

Such products include, but are not limited to Defendant Ningbo's: (1) 2.5 foot personal folding table model number WX-S76; (2) sports table and bench sets (which Ningbo refers to as its "3 piece kit beer table" and which bear model numbers WX-B113 and WX-B183); (3) two folding chairs (model numbers WX-C053 and WX-C53A); and (4) tables (folding and non-folding) in lengths ranging from 4' to 8' bearing model numbers WX-F122, WX-F150, WX-F183, WX-F210, WX-L122, WX-L150, WX-L183, and WX-L210 (collectively "Ningbo's Infringing Products").

Such products also include, but are not limited to Defendant Hangzhou Dali Tools Packing Co., Ltd.'s, Defendant Zhejiang Bestem Furniture Co., Ltd.'s, Defendant Ningbo Step-Forward Industry Corp.'s, and/or Defendant Ningbo Step-Forward Imp. & Exp. Co. Ltd.'s: (1) 4-Foot Regular Folding Table, Model No. ending in C124; (2) 4-Foot Fold-in-half Table, Model No. ending in Z122; (3) 5-Foot Regular Folding Table, Model No. ending in C152; (4) 5-Foot

Fold-in-half Table, Model No. ending in Z152; (5) 6-Foot Regular Folding Table, Model No. ending in C184; (6) 6-Foot Fold-in-half Table, Model No. ending in Z185; (7) 8-Foot Regular Folding Table, Model No. ending in C240; (8) 8-Foot Fold-in-half Table, Model No. ending in Z240; (9) 72 Inch X 39 Inch rectangular Table, Model No. ending in XC183-100; (10) 6-Foot Rectangular Table, Model No. ending in XC183; (11) 79 Inch X 36 Inch Rectangular Table, Model No. ending in C200; (12) 6-Foot Bar Folding Table, Model No. ending in HY183; (13) 3 Piece Picnic Set, Model No. ending in B113; (14) 30-Inch Personal Table, Model No. ending in SJ32; (15) Contoured Folding Chair, Model No. ending in L53; (16) Lightweight Folding Chair, Model No. ending in D53; (17) Comfort Style Folding Chair, Model No. ending in Y53; and (18) Folding Chair, Model No. ending in X53 (collectively "Hangzhou's Infringing Products").

**IT IS FURTHER ORDERED** that Ningbo's Infringing Products (defined above), Hangzhou's Infringing Products (defined above), records of Defendants' sales and offers to sell infringing products (including all computer records and other electronic records), and Defendants' promotional display(s), sales equipment, and materials used to facilitate Defendants' infringements (collectively, the "Materials") shall be seized by the United States Marshals Service at the booths rented and/or occupied by any one or more of the Defendants at the National Hardware Show in Las Vegas, Nevada, during the period of May 5 through May 7, 2009. The United States Marshals Service may use all reasonable force in conducting the seizure and may open doors, locks, boxes, brief cases, and containers of any type or nature to locate and identify Materials to be seized. Attorneys and other representatives of Plaintiff shall accompany the United States Marshals Service during the seizure to identify the Materials to be seized. In addition, Plaintiff's attorneys and representatives may record the contents of the Defendants' booths by photographic and/or videographic means during the seizure action. Plaintiff's counsel shall also itemize and take possession of the seized Materials, provide a copy of the inventory to the United States Marshals Service, and file the inventory with the Court. Plaintiff agrees to indemnify the United States Marshals Service and hold it harmless from any suit, claim, cause of action, damage, loss, or injury arising from the execution of the seizure described in this Order.

**IT IS FURTHER ORDERED** that Plaintiff shall post a cash deposit with the Clerk of

1  the Court in lieu of a bond in the amount of $ 2,000.00 .

2  **IT IS FURTHER ORDERED** that this order and the Summons and Complaint must be
3  served upon the Defendants, if found, at the time of the seizure, and by other means reasonably
4  calculated to give the Defendants notice of this action.

5  The hearing on Plaintiff's motion for a preliminary injunction hearing is set for May
6  18 , 2009, at the hour of 1:30 pm .

7  The Defendants shall file and serve any opposition to Plaintiff's motion for a preliminary
8  injunction on or before May 12 2009.

9  Plaintiff shall file and serve any reply in support of Plaintiff's motion for a preliminary
10 injunction on or before May 14 , 2009.

**IT IS SO ORDERED.**

*[signature: James C. Mahan]*
_____
UNITED STATES DISTRICT JUDGE

Dated: May 5, 2009 at 3:45 p.m.